## FROMENT et al. v. MUGLER.

(Supreme Court, Appellate Term. June 28. 1906.)

1. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where, in an action for the price of steel bars, the defense was that they were not of the size ordered, and plaintiff expressed no surprise at the defense, and did not ask for an adjournment to show the size of the bars, newly discovered evidence, consisting of an affidavit by one who averred that three days after the trial he examined the bars and found them the proper size, was no ground for a new trial, owing to lack of diligence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 210–214.]

2. SAME—MATERIALITY.

In an action for the price of steel bars, the defense was that they were not of the size ordered, and plaintiff moved for a new trial on the ground of newly discovered evidence, consisting of an affidavit by one who averred that the size of the bar delivered was sold commercially as the size ordered. Held, that the evidence was immaterial.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 215–217.]

3. SALES—ACTION FOR PRICE—ISSUES.

Defendant ordered from plaintiff steel bars, which were to be 4 inches by $^{11}/_{32}$ of an inch, and plaintiff delivered bars which were $^{10}/_{32}$ of an inch, and in an action for the price the defense was that the bars had not been of the size contracted for. Held, that the fact that defendant had incidentally stated that his contemplated use of the steel was for fire escapes, and that the size required for that purpose was not less than $^{11}/_{32}$ of an inch, when in fact the required size was $^{12}/_{32}$ of an inch, was immaterial.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frank L. Froment and others against August Mugler. From a judgment in favor of plaintiffs, defendant appeals. Reversed, and judgment reinstated.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Marcus Helfand, for appellant.

Robert J. Mahon, for respondents.

GILDERSLEEVE, J. The defendant appeals from an order setting aside a judgment in plaintiffs' favor upon the ground of newly discovered evidence. This litigation arose out of the following facts: The defendant ordered a quantity of steel bars from the plaintiffs. Among others, there were to be 138 bars, size 4 inches by $^{11}/_{32}$ of an inch. The defendant claiming that the plaintiffs delivered bars of steel $^{1}/_{32}$ of an inch smaller than ordered refused to pay for them. Plaintiffs brought suit for the whole bill, and recovered for all but the 138 bars, which the defendant proved were not of the size ordered, and which he had not used, but had offered to return to plaintiffs, and then held them subject to plaintiffs' order. The goods were sold to defendant in May, and the defendant testified that the plaintiffs frequently called upon him for the amount of the bill, but that he repeatedly refused payment for the 138 bars upon the ground that they were not as

ordered. The plaintiffs did not deny that they made frequent demands for their pay, but did deny that the defendant ever called their attention to any alleged discrepancy in the size of the bars, and claimed that the first time their attention was called to it was at the trial. Plaintiffs made no claim at the trial, however, that the bars were of the size ordered, and did not express any surprise at the defendant's claim nor ask for an adjournment for the purpose of showing the exact size of the steel. A piece of steel alleged to have been cut from the bars delivered was produced in court, and a witness testified that the size was but 4 inches by $^{10}/_{32}$, instead of $^{11}/_{32}$, of an inch in thickness, and it was substantially conceded that defendant's order called for $^{11}/_{32}$-inch steel. Judgment was rendered for the plaintiffs for the amount of their claim, less the price of the 138 bars of steel delivered not conforming to the defendant's order.

Subsequently the plaintiffs made a motion to set aside the judgment upon the ground of newly discovered evidence, which was granted. The newly discovered evidence consisted of an affidavit made by a man named Smith, who testified that on September 22, 1905, which was three days after the trial, he went to defendant's shop, asked the bookkeeper for and obtained the sample of steel used on the trial, and upon measuring it found that it measured "over $^{10}/_{32}$"; that he also measured some of the bars in the lot of 138, and they also measured "over $^{10}/_{32}$"; and he says that the size is what is sold as "a commercial $^{11}/_{32}$ all over the city." The plaintiff also makes an affidavit, verified the day after the trial, in which he says that "this morning" he called on the defendant, and that the defendant admitted he had used some of the disputed steel, and also admitted that he had failed to tell the plaintiff of his objection to the size of the steel. These allegations are positively denied by the bookkeeper and the defendant. This testimony as to newly discovered evidence is not of a character to warrant the setting aside of the judgment. It could as well have been obtained before and introduced at the trial as later on by affidavit. As before stated, plaintiff expressed no surprise at the evidence given at the trial, and so far as his own affidavit is concerned it merely repeats what he had already testified to upon the trial, except that he swears to an admission by the defendant of the use of some of the steel in question. As to this statement, in view of the defendant's testimony upon the trial and his denial in his affidavit, it hardly seems probable that he would swear to never having used any portion of the steel on the 19th of September, and on the morning of the 20th have confessed to the plaintiff that he had used a portion of it. The fact that the defendant incidentally stated that his contemplated use of the steel was for fire escapes, and that the size required for that purpose was not less than $^{11}/_{32}$ of an inch, when in fact the required size is $^{12}/_{32}$, is not important, it was immaterial for what use he intended to put the steel. The plaintiff made no claim at the trial that the size of steel delivered to defendant was "commercially known as $^{11}/_{32}$," and Smith does not swear that the pieces measured by him equaled in size that ordered by defendant.

The order is reversed, with costs, and the judgment reinstated.

LEVENTRITT and McCALL, JJ., concur in result.